## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD FUNK, | : | CIVIL NO. 1:CV-10-0664 |
|     Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| DR. STAN STANISH, et al., | : | |
|     Defendants | : | |

### MEMORANDUM

On March 26, 2010, Gerald Funk ("Funk"), an inmate confined at the State Correctional Institution at Somerset, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. In the complaint Funk sets forth violations of his First and Eighth Amendment rights, as well as various state law claims. The alleged incidents occurred at the State Correctional Institutions at Houtzdale and SCI-Coal Township, his former places of confinement. Named as Defendants are employees from both institutions. Presently pending is a document submitted by Funk entitled "Plaintiff's Termination of Lawsuit." (Doc. No. 47.) This filing will be construed as a motion to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). The motion will be granted and, for the reasons that follow, the dismissal will be with prejudice.

**I.      Background**

The complaint in this action was filed over two and one-half years ago. Motions to dismiss filed by the Defendants have been addressed, and some claims and Defendants have been dismissed from this action. (Doc. No. 34, 3/31/11 Memorandum.) Discovery has taken place with respect to the surviving claims. The deadlines for the conclusion of discovery and the filing of dispositive motions has been extended several times. On June 19, 2012, the Court issued an order directing that all discovery be completed by August 24, 2012, and any

dispositive motions filed by September 24, 2012. (Doc. No. 44.) On July 12, 2012, Funk filed a motion to compel discovery (Doc. No. 46). No brief in support of the motion has ever been submitted. On September 27, 2012, Funk filed the pending motion to terminate this lawsuit. In the motion, he simply states that his workload and related monetary expenses have increased with respect to his pro se criminal PCRA proceedings and appeals, and that he is unable to proceed with this civil action. He expresses his desire to terminate this lawsuit so that he can concentrate on his criminal cases.

**II. Discussion**

The Court will construe "Plaintiff's Termination of Lawsuit" (Doc. No. 47) as a request for voluntary dismissal of this action. Due to the procedural posture of this matter, the dismissal shall be pursuant to Fed. R. Civ. P. 41(a)(2), and will be with prejudice. Rule 41 which addresses the dismissal of actions provides as follows:

> (a)    Voluntary Dismissal.
>
>     (1)    By the Plaintiff.
>
>     (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without court order by filing:
>
>     (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>     (ii) a stipulation of dismissal signed by all parties who have appeared.
>
>     (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
>     (2)    By Court Order; Effect. Except as provided in Rule 41(a)(1), an

> action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a). Procedurally, Rule 41(a)(1) is not available to Funk because Defendants have filed their answer to the complaint. (Doc. No. 38.) Consequently, his request for termination of this action will be construed as a request for voluntary dismissal pursuant to Rule 41(a)(2) and requires a court order. Further, due to the extent to which this matter has been litigated, and taking into consideration the judicial and other legal resources that have been invested to this point, the Court finds that it is appropriate that such dismissal shall be with prejudice.

It is well within a court's discretion to grant the dismissal with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action. See Chodorow v. Roswick, 160 F.R.D. 522, 523 (E.D. Pa. 1995). Factors to be considered in deciding whether to grant the dismissal with prejudice include: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to voluntarily dismiss and his explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party. See Dodge-Regupol, Inc. v. RB Rubber Products, Inc., 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008). After more than two (2) years of litigating this matter, Funk has decided he would rather put his time and money into pursuing challenges with respect to his criminal cases. Even assuming the statute of limitations would not bar any resurrection of the claims raised herein, it would be prejudicial to Defendants to defend these claims again. For these reasons, Funk's motion will be granted, and the case will be dismissed with prejudice. An

appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GERALD FUNK,** | : | **CIVIL NO. 1:CV-10-0664** |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **DR. STAN STANISH, et al.,** | : | |
| Defendants | : | |

**ORDER**

**AND NOW, THEREFORE, THIS 14th DAY OF NOVEMBER, 2012,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. "Plaintiff's Termination of Lawsuit" is construed to be a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) and is **granted**. This action is **dismissed with prejudice** pursuant to Fed. R. Civ. P. 41(a)(2).

2. Plaintiff's motion to compel (Doc. No. 46) is **denied as moot**.

3. The Clerk of Court is directed to **close this case**.

                                                     S/ Yvette Kane
                                                     YVETTE KANE, Chief Judge
                                                     Middle District of Pennsylvania